**11-3591-cr(L)**
United States v. Goffer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand thirteen.

PRESENT: JOHN M. WALKER, Jr.,
　　　　　ROBERT D. SACK,
　　　　　RICHARD C. WESLEY,
　　　　　　　　*Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　　　　*Appellee*,

-v.-

ZVI GOFFER, CRAIG DRIMAL, MICHAEL KIMELMAN,

　　　　　　　　*Defendants-Appellants*,

JASON GOLDFARB, ARTHUR CUTILLO,
EMANUEL GOFFER, DAVID PLATE,

　　　　　　　　*Defendants.*[*]

No. 11-3591-cr(L)
No. 11-3778-cr(CON)
No. 11-4193-cr(CON)
No. 11-4409-cr(CON)

---

[*] The Clerk of the Court is directed to amend the caption in the case to conform with the above.

FOR APPELLANT          ALEXANDER MARTIN DUDELSON, Law Office of
ZVI GOFFER:            Alexander M. Dudelson, Brooklyn, NY

FOR APPELLANT          MICHAEL S. SOMMER (Morris J. Fodeman,
MICHAEL KIMELMAN:      Scott D. Tenley, *on the brief*) Wilson
                       Sonsini Goodrich & Rosati, P.C., New
                       York, NY

FOR APPELLANT          ARLENE VILLAMIA-DRIMAL, Weston, CT
CRAIG DRIMAL:

FOR APPELLEE           ANDREW L. FISH, Assistant United States
UNITED STATES          Attorney (Richard C. Tarlowe, Assistant
OF AMERICA:            United States Attorney, *on the brief*),
                       *for* Preet Bharara, United States Attorney
                       for the Southern District of New York,
                       New York, NY.

Consolidated appeals from the United States District Court for the Southern District of New York (Sullivan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the District Courts are **AFFIRMED,** with the exception of the forfeiture order, which is **VACATED** and **REMANDED.**

Appellants Zvi Goffer, Michael Kimelman, and Craig Drimal appeal from judgments of conviction entered on September 22, 2011; October 13, 2011; and September 1, 2011 respectively, in the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*). Defendants' challenges to their convictions and sentences are discussed in a related opinion, as are relevant facts

and procedural history. *Goffer,* -- F.3d --, 2013 WL -- (2d Cir. 2013).

Defendants raise additional challenges to their convictions, including that (1) Section 10(b) of the Securities Exchange Act of 1934 is unconstitutionally vague; (2) the wiretap evidence in this case was improperly minimized and should have been suppressed; (3) the jury instructions related to material, nonpublic information were erroneous; (4) Goffer was punished for refusing to plead guilty; (5) Goffer's counsel was constitutionally deficient; and (6) the forfeiture order was excessive. Although we affirm Defendants' convictions and sentences, we vacate and remand the decision regarding Goffer's forfeiture order.

Drimal challenges his conviction; however, he knowingly (and very explicitly) waived his right to appeal his conviction by entering an unconditional guilty plea. Plea Tr. 6, 12. "A defendant who pleads guilty unconditionally . . . waives all challenges to prosecution except those going to the court's jurisdiction." *United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003). Drimal's challenges to the constitutionality of the Securities Exchange Act of

1934 and to the wiretap minimization procedures used by the Government in this case are therefore dismissed.[1]

Goffer contends that the district court erred in instructing the jury regarding the definition of material, nonpublic information. Goffer proffered proposed instructions that he asserts would have better defined this information by excluding "confirmation[s] of an event that is fairly obvious to investors knowledgeable about the company or the particular security at issue." Goffer Brief at 28. An identical challenge to identical jury instructions was rejected in *United States v. Contorinis*, 692 F.3d 136, 141-45 (2d Cir. 2012). *Compare id.* at 142-44 *with* Tr. 2012-14. We therefore affirm the district court's jury instructions.

Goffer contends that he was improperly punished for exercising his constitutional right to stand trial. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). His argument is premised on the district court's decision not to apply the acceptance of responsibility deduction pursuant to U.S.S.G. § 3E1.1. "We maintain a distinction between

---

[1] We note that, should we reach these arguments, we would reject both for substantially the same reasons they were rejected by the district court.

4

increasing the severity of a sentence for a defendant's failure to cooperate and refusing to grant leniency." *United States v. Whitten*, 610 F.3d 168, 195 (2d Cir. 2010) (internal quotation marks and emphasis omitted). Here, the district court distinguished between the two and indicated that Goffer was being denied a benefit, but was not being punished. Sentencing Tr. 40. We find that Goffer was not punished for standing trial.

Goffer contends that his counsel was ineffective under the Sixth Amendment based on his failure to object to the application of the leadership enhancement under U.S.S.G. § 3B1.1. *See Strickland v. Washington*, 466 U.S. 668, 686, 694 (1984). Adhering to the Supreme Court's preference that such claims be litigated in the district court pursuant to "a motion brought under [28 U.S.C.] § 2255," *Massaro v. United States*, 538 U.S. 500, 504 (2003), we decline to address Goffer's argument. *See United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003).[2]

Finally, Goffer contends that the district court erred in calculating his forfeiture. In light of our decision in

---

[2] We note that Goffer's obvious leadership role in the conspiracy makes us dubious as to the likelihood that such a claim would pass either *Strickland* prong.

5

*Contorinis*, 692 F.3d at 145-48, the Government concedes that the forfeiture order should not account for gains realized by Goffer's employers (the Schottenfeld Group, LLC and the Galleon Group). Insofar as Goffer's forfeiture order includes "funds never acquired by him or someone working in concert with him," this was error. *Id.* at 147. As in *Contorinis*, "we leave to the district court to decide on remand" how much of "appellant's interest in salaries, bonuses, dividends, or enhanced value of equity . . . can be said to be money 'acquired' by the defendant through the illegal transactions resulting in the forfeiture." *Id.* at 148 n.4 (internal quotation marks and citation omitted).

Insofar as Goffer argues that the gains realized by convicted co-conspirators should not be included in his forfeiture order, this argument is rejected. "[A] court may order a defendant to forfeit proceeds received by others who participated jointly in the crime, provided the actions generating those proceeds were reasonably foreseeable to the defendant." *Id.* at 147. Goffer passed his tips to co-conspirators for the express purpose of allowing them to make trades based on the inside information; their trades were reasonably foreseeable.

6

We have considered Defendants' remaining arguments and find them to be without merit. For the reasons stated above, the judgments of conviction and sentences ordered by the district court are **AFFIRMED;** Goffer's forfeiture order is **VACATED** and the case is **REMANDED** to enter an order consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk